Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

# UNITED STATES DISTRICT COURT
for the
_____ District of \_\_\_\_Utah\_\_\_\_

_____Northern\_\_\_\_ Division

| | |
|---|---|
| **Kort Christoffersen** <br><br> *Plaintiff(s)* <br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br>-v- <br><br> **Nucor Corporation dba Nucor Steel Utah** <br> **Nucor steel Plymouth** <br> **Don Harris (Melter), Matt Buttars (Interim Melter),** <br> **Kenny Christoffersen (Dayshift Supervisor)** <br><br> *Defendant(s)* <br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | Case No. _____ <br>*(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ☑ Yes ☐ No <br><br><br> Case: 4:25-cv-00118 <br> Assigned To : Kohler, Paul <br> Assign. Date : 10/14/2025 <br> Description: Christoffersen v. Nucor Corporation et a |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Kort Christoffersen |
| Address | 1184 N Dorado Alley |
| City | Washington |
| State | UT |
| Zip Code | 84780 |
| County | Washington |
| Telephone Number | 435-319-2036 |
| E-Mail Address | Kortchristo3@yahoo.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | Nucor Corporation (dba Nucor Steel Utah- Plymouth Division |
| Job or Title (if known) | Corporate Employer |
| Address | 1525 W 400 S |
| City | Plymouth |
| State | UT |
| Zip Code | 84330 |
| County | Box Elder |
| Telephone Number | |
| E-Mail Address (if known) | Unknown |

[ ] Individual capacity   [x] Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | Don Harris |
| Job or Title (if known) | Supervisor/ Melter/ Management Employee |
| Address | 1525 W 400 S |
| City | Plymouth |
| State | UT |
| Zip Code | 84330 |
| County | Box Elder |
| Telephone Number | 801-458-6101 |
| E-Mail Address (if known) | Unknown |

[✓] Individual capacity   [x] Official capacity

**Defendant No. 3**

Name: Matt Buttars
Job or Title (if known): Interim Melter/ Management Employee
Address: 1525 W 400 S
City: Plymouth    State: UT    Zip Code: 84330
County: Box Elder
Telephone Number: 435-279-0524
E-Mail Address (if known): Unknown

[✓] Individual capacity    [x] Official capacity

**Defendant No. 4**

Name: Kenny Christoffersen
Job or Title (if known): Dayshift Supervisor/ Management Employee
Address: 1525 w 400 S
City: Plymouth    State: UT    Zip Code: 84330
County: Box Elder
Telephone Number: 435-237-1513
E-Mail Address (if known): Unknown

[✓] Individual capacity    [x] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Plaintiff alleges deprivation of rights secured by the Family and Medical Leave Act (29 U.S.C. §2615) and the Americans with Disabilities Act (42 U.S.C. §12112 and §12203), including the right to take protected medical leave without interference, discrimination, or retaliation. Plaintiff's constitutional and statutory rights to equal protection, due process, and freedom from retaliatory workplace conduct were violated by the defendants acting jointly under color of state and corporate authority.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Defendants acted under color of state and corporate authority through their roles as supervisory employees of Nucor Steel Utah, using company policy and management authority to coerce the plaintiff to return early from medical leave, subject him to harassment and retaliation, and interfere with his protected employment and disability rights.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Nucor Steel Utah (Plymouth mill), 1525 W 400 S, Plymouth, Box Elder County, Utah — Melt Shop (Plaintiff's role: Rover). Related meetings/HR actions occurred on site at the HR/GM offices at the same facility.

B. What date and approximate time did the events giving rise to your claim(s) occur?

See attached page labeled Attachment – Section III(B): Dates of Events Giving Rise to Claims.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See attached document titled 'Section III(C): Facts Supporting the Claim(s)' for a full, detailed statement of facts.

# UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH – NORTHERN DIVISION

Kort Christoffersen,
Plaintiff,

v.

Nucor Corporation; Don Harris; Matt Buttars; and Kenny Christoffersen,
Defendants.

Case No. _____

# Attachment – Section III(B): Dates of Events Giving Rise to Claims

**Nov 10, 2023** – Began FMLA leave for birth of child and medical condition.
**Dec 16–17, 2023** – Pressured to return to work while on FMLA leave.
**Dec 23, 2023** – Returned to work; suffered first grand mal seizure on site.
**Dec 23, 2023 (later that day)** – Suffered second grand mal seizure at hospital.
**Dec 24, 2023** – Seizure video shared with others at family gathering.
**Jan 2024** – Returned to work; coworkers mentioned seeing seizure video.
**Feb 2024** – Rumors began that seizures were faked.
**Apr 2024** – Denied promotions; further rumors spread about lawsuit.
**May 19, 2024** – Medical visit for stress-related illness.
**May 23, 2024** – Presented proof against false write-up.
**Jun 7, 2024** – Reported harassment and discrimination to management and HR.
**Jul 15, 2024** – Denied another internal transfer opportunity.
**Aug 2024** – Involved in workplace safety incident under poor supervision.
**Sept 2024** – Demoted to Material Handler (entry-level, isolated position).
**Sept 2024 (later)** – Ignored by supervisor at work, reinforcing hostile environment.
**Sept 30, 2024** – Resigned due to hostile environment and continued retaliation.
**Oct 1, 2024** – Received retaliatory "Do Better" email.
**Oct 14, 2024** – Learned of false rumors about resignation.
**May 7, 2025** – Experienced another grand mal seizure at home.
**May 11, 2025** – Reported privacy violation regarding seizure video.
**May 14, 2025** – Received denial of any wrongdoing from management.
**May 2025 (later)** – Learned of admissions about blackballing and retaliation.
**Jul 24, 2025** – Received EEOC Notice of Right to Sue.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH – NORTHERN DIVISION Kort Christoffersen,**
Plaintiff, **v. Nucor Corporation; Don Harris; Matt Buttars; and Kenny Christoffersen,**
Defendants. **Case No.:** _____
**Judge:** _____ **SECTION III(C): FACTS SUPPORTING THE CLAIM(S)**
(Page 1 of 2)

1. In November 2023, I began approved FMLA leave from Nucor Steel Utah (Plymouth Plant) for the birth of my child and for my own serious medical condition.

2. In mid-December 2023, my father, Kenny Christoffersen, a day-shift supervisor at Nucor and resident of Willard, Utah, berated me at his home in front of Mitzi Christoffersen, Chandler Christoffersen, and my fiancée, Alixanne Taylor. He mocked me for taking full paternity leave and told me I was "going to get myself fired" and "making him look bad."

3. Out of fear of losing my job and rather than seeking treatment for my medical condition, I returned to work early. On December 23, 2023, while on the ladle cart in the Plymouth Melt Shop, I suffered a grand mal seizure next to my coworker Woody [last name unknown].

4. My coworker Tyson [last name unknown] ran to give aid, and Leland Ward helped me until the ambulance arrived. I was transported to Bear River IHC Hospital, where I suffered a second grand mal seizure witnessed by Kenny Christoffersen, Mitzi Christoffersen, and the on-site Nucor nurse practitioner. My fiancée, Alixanne Taylor, performed CPR and resuscitated me while calling 911. I required transport and a two-night hospital stay.

5. While leaving Bear River Hospital, Kenny called my mother, Jody Gold, and offered to send her the seizure video, which had been sent to him from Nucor before I arrived at the hospital.

6. On December 24, 2023, Kenny showed the seizure video at a family Christmas Eve gathering in front of Kody, Kooper, Brooke, Abi, and Mitzi Christoffersen, as well as my fiancée and myself, humiliating me and violating my privacy.

7. When I returned to work in late January or early February 2024, coworkers Chris Jones and Colby Carlisle approached me during pre-shift toolbox meetings in the melt shop office and told me they had seen the seizure video during a toolbox meeting. I was not present for that meeting.

8. While visiting my neighbor and coworker, Chance Cervantes, at his home in Tremonton, he told me Supervisor Don Harris was spreading rumors that I faked my seizures and was suing my father.

9. In May 2024, Don Harris falsely accused me of a no-call/no-show and threatened to write me up. I met with Brad McCullough in his office and showed my phone call log proving I had called Don. No corrective action or apology was made.

Christoffersen v. Nucor Corporation et al.
U.S. District Court, District of Utah – Northern Division
Case No.: _____
Attachment to Section III(C): Facts Supporting the Claims
(Page 2 of 2)

10. In May 2024, Kenny Christoffersen confronted me at work, accusing me of "tipping the family over" and continued spreading rumors that I had made him "look bad" by quitting Nucor.

11. Between February and September 2024, I applied for multiple internal positions (Torchman – March 2024; Strand Tender – April 2024; Ladle Helper – June 2024; Furnace Deck Utility – August 2024) and was denied each time without being given required Do Better interviews. Interview panels typically included Don Harris, Keegan Secrist, Nic Christensen, Brooks [last name unknown], and the Furnace Deck Day Supervisor [name unknown].

12. For the Furnace Deck Utility position, I was passed over for Zach Secrist, who is Keegan Secrist's cousin. Zach had been moved from crane operation to rover due to multiple safety incidents. Despite my two years of rover experience, Zach, who had only one year, was chosen. Matt Buttars claimed it was due to "more overtime," though I had worked approximately twenty overtime days the previous year. Coworkers Bart Nelson and Ty Berry both questioned why Zach got the position over me.

13. On June 7, 2024, I went to Nucor with my fiancée, who stayed in the car while I met with HR Administrator Jamie Kearl and General Manager Adam Zewe in Zewe's office to report discrimination, harassment, and retaliation. I reported the seizure video circulation, false rumors, and hostile conduct by Kenny, Don, Matt, Kody, and Kooper Christoffersen. No investigation or follow-up ever occurred.

14. In September 2024, Matt Buttars, acting as interim melter, demoted me to Material Handler – an entry-level position isolated from coworkers – worsening the retaliation.

15. On September 30, 2024, I resigned after the work environment became intolerable. Within 24 hours, I received a retaliatory "Do Better" email from Don Harris and Matt Buttars attacking my dependability and professionalism despite not referencing any position.

16. Within 48 hours, I emailed GM Adam Zewe and HR through the Nucor portal explaining my resignation and detailing the conduct by Kenny, Kody, Kooper, Don, and Matt, including harassment and the continued circulation of my seizure video.

17. In May 2025, I suffered another grand mal seizure caused by continued stress. I later learned that the seizure video was still being shared outside Nucor.

18. In June 2025, my mother, Jody Gold, informed me that Kody Christoffersen admitted Nucor "messed up" by not giving me required Do Better interviews and said, "Nucor does that," referring to Nucor's history of blackballing employees.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

On December 23, 2023, during my first shift back, I suffered a grand mal seizure on the ladle cart in the Plymouth Melt Shop, and a second seizure later that day at Bear River Hospital, witnessed by Kenny Christoffersen, Mitzi Christoffersen, and Nucor's on-site nurse practitioner. I was later transferred to St. Mark's Hospital in Salt Lake City (12/23–12/24).

Following these incidents, Nucor's nurse practitioner stated that Nucor would assist with treatment options, but the company never followed through and failed to provide the promised medical support or accommodation. As my condition worsened throughout 2024, stress and retaliation caused multiple relapses and alcohol-withdrawal episodes. I sought care independently through Ogden Regional Medical Center, Ogden Clinic, and Dr. Ryan Westbroek (PCP).

On May 7, 2025, due to ongoing stress and humiliation, I suffered a third grand mal seizure at home. My fiancée performed CPR, having to resuscitate me, while calling 911; I was transported by Hurricane Valley Fire & Rescue and hospitalized at IHC St.George Regional Hospital for two nights, later following up with Dr. Healey.

Because of loss of income and health insurance following my resignation, I have been unable to continue therapy or counseling, though I have consistently expressed the desire and need for it. These injuries have caused lasting physical, emotional, and financial harm.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I respectfully ask the Court to award damages for the losses I have suffered as a result of the defendants' harassment, discrimination, retaliation, invasion of privacy, and constructive discharge.

These losses include loss of employment income (approximately $110,000 per year), loss of benefits and 401(k) savings, medical expenses related to seizures and stress-related conditions, forced sale of personal assets, damage to credit and housing stability, and emotional distress caused by humiliation, retaliation, and loss of livelihood.

I also request punitive damages due to the willful and malicious nature of the defendants' actions, including the circulation of my medical video, failure to accommodate my health condition, and ongoing retaliation.

Because my damages continue to accumulate and certain amounts are ongoing, I request that the total amount of damages be determined and proven at trial.

I further request any equitable relief the Court finds appropriate, including orders to prevent further retaliation and to restore lost benefits and opportunities.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/10/2025

Signature of Plaintiff: /s/ Kort Christoffersen

Printed Name of Plaintiff: Kort Christoffersen

### B. For Attorneys

1184 N Dorado Aly
Washington, UT 84780
Phone: 435-319-2036
Email: kortchristo3@yahoo.com

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

                        City          State         Zip Code

Telephone Number

E-mail Address