UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KORT CHRISTOFFERSEN, | REPORT AND RECOMMENDATION |
| Plaintiff, | Case No. 4:25-cv-00118-DN-PK |
| v. | District Judge David Nuffer |
| NUCOR CORPORATION, et al., | Magistrate Judge Paul Kohler |
| Defendants. | |

This matter is before the Court on Defendant Nucor Corporation's Partial Motion to Dismiss the Second Amended Complaint.[1] This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[2] For the reasons discussed below, it is recommended that the Motion be granted.

## I.  BACKGROUND

Plaintiff is a former employee of Defendant Nucor. Plaintiff alleges that he suffered a workplace medical injury and claims various coworkers and supervisors failed to adequately respond. Plaintiff further claims he was harassed and retaliated against, ultimately leading to his constructive discharge.

Defendant previously sought partial dismissal of an earlier complaint. The Court recommended the motion be granted in part and denied in part. Specifically, the Court recommended dismissal of Plaintiff's Rehabilitation Act and negligence claims without prejudice

---

[1] Docket No. 43, filed April 10, 2026.

[2] Docket No. 22.

1

and with leave to amend.[3] The Report and Recommendation was adopted and Plaintiff was permitted the opportunity to file an amended complaint.[4] In his Second Amended Complaint,[5] Plaintiff reasserts a variety of federal and state claims, including Rehabilitation Act and negligence claims. Defendant again seeks dismissal of those two claims.

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court construes his pleadings liberally,[6] but will not assume the role of advocate for a pro se litigant.[7] In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[8] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[9] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[10] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[11]

---

[3] Docket No. 37. The Court also recommended dismissal of Plaintiff's intentional infliction of emotional distress claim with prejudice. Plaintiff did not reassert that claim and it is not at issue in the instant Motion.

[4] Docket No. 38.

[5] Docket No. 40.

[6] *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[12] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[13]

### III. DISCUSSION

Defendant seeks dismissal of Plaintiff's claims under the Rehabilitation Act and his common law claim for negligent hiring, supervision, and retention.

A.    REHABILITATION ACT

Section 504 of the Rehabilitation Act states: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."[14] "A prima facie case under § 504 consists of proof that (1) plaintiff is handicapped under the Act; (2) he is 'otherwise qualified' to participate in the program; (3) the program receives federal financial assistance; and (4) the program discriminates against plaintiff."[15]

In his Complaint, Plaintiff alleges:

> Upon information and belief, Defendant Nucor Corporation participates in programs or activities receiving federal financial assistance, including federally supported workplace safety, compliance, research, or workforce-development

---

[12] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[13] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

[14] 29 U.S.C. § 794(a).

[15] *Hollonbeck v. U.S. Olympic Comm.*, 513 F.3d 1191, 1194 (10th Cir. 2008)

programs connected to its industrial operations. Such programs and activities bring Defendant Nucor Corporation within the scope of Section 504 of the Rehabilitation Act.[16]

While slightly more explanatory than his prior allegations, the Court again finds that these allegations are insufficient to state a claim under the Rehabilitation Act. Rather than alleging that Nucor receives federal financial assistance, Plaintiff alleges that it participates in programs or activities that receive federal financial assistance. Thus, it is these unidentified programs and activities that are the intended recipient of the federal financial assistance, not Nucor. "Congress limited the scope of [the Rehabilitation Act] to those who actually 'receive' federal financial assistance . . . ."[17]

The fact that Nucor may benefit from these programs or activities is not sufficient.[18] "The statute covers those who receive the aid, but does not extend as far as those who benefit from it."[19] Without allegations that Nucor itself was the intended recipient of federal funds, Plaintiff's Rehabilitation Act claim fails.

B.    NEGLIGENCE

To state a claim for negligent hiring, supervision, or retention,[20] Plaintiff must allege that Defendant "had a duty to protect him from harm at the hands of its employees, a negligent

---

[16] Docket No. 40 ¶ 119–20.

[17] *U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 605 (1986).

[18] *Id.* at 606–07.

[19] *Id.* at 607; *see also Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975, 987–88 (10th Cir. 2021).

[20] "The causes of action variously termed 'negligent hiring,' 'negligent supervision,' and 'negligent retention' are all basically subsets of the general tort of negligent employment. These variants differ only in that they arise at different points in the employment relationship." *Retherford v. AT&T Commc'ns of Mountain States, Inc.*, 844 P.2d 949, 973 n.15 (Utah 1992) (internal citation omitted).

breach of that duty, and the harm and damages caused by that breach."[21] Plaintiff's claim is based on his allegations that he suffered a seizure at work that was captured by facility surveillance systems, after which "supervisory personnel obtained and distributed the video recording of Plaintiff's seizure to other employees and offered to show or send the video to individuals outside the workplace."[22]

Defendant argues that Plaintiff has failed to adequately plead a duty. A duty may arise in the employment context "when an employer could reasonably be expected, consistent with the practical realities of an employer-employee relationship, to appreciate the threat to a plaintiff of its employee's actions and to act to minimize or protect against that threat."[23] "There is no duty to protect persons from unforeseeable risks of harm at the hands of another."[24] Thus, to state a plausible claim, Plaintiff must assert facts that Defendant knew or had reason to know that its employees would obtain and disclose security footage of Plaintiff's seizure to others.[25]

Plaintiff attempts to meet his burden by alleging:

> Upon information and belief, Defendant Kenny Christoffersen had previously displayed internal Nucor surveillance footage of serious workplace incidents to individuals not authorized to view such footage. This prior conduct demonstrates that Defendants knew or should have known of the risk that confidential and sensitive footage—including footage depicting Plaintiff's medical emergency—would be improperly disseminated, yet failed to take any action to prevent such misconduct.[26]

---

[21] *Castellanos v. Tommy John, LLC*, 2014 UT App 48, ¶ 42, 321 P.3d 218 (internal quotation marks and citation omitted).

[22] Docket No. 40 ¶¶ 132–34.

[23] *Jackson v. Righter*, 891 P.2d 1387, 1392 (Utah 1995).

[24] *J.H. ex rel. D.H. v. W. Valley City*, 840 P.2d 115, 126 (Utah 1992)

[25] *Retherford*, 844 P.2d at 973.

[26] Docket No. 40 ¶ 36.

Notably absent from this allegation is any factual support that Defendant knew or should have known of this alleged prior unauthorized display of surveillance footage of workplace incidents. Unlike other cases where sufficient allegations or evidence was presented to support that an employer had notice of an employee's potential negligence,[27] Plaintiff's allegations fail to plausibly demonstrate that Defendant had such notice. There is no suggestion that Defendant was aware of, or even suspected, its employees of obtaining and disseminating videos of their coworker's on-site medical episodes.[28] Therefore, dismissal of Plaintiff's negligence claim is recommended.

## C.   LEAVE TO AMEND

The final question is whether Plaintiff should be permitted another chance to amend. Unless able to amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[29] "The court should freely give leave when justice so requires."[30] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

---

[27] *See Clover v. Snowbird Ski Resort*, 808 P.2d 1037, 1048 (Utah 1991) (allowing claim for negligent supervision to proceed where the plaintiff "provide[d] evidence that [the defendant] furnished its employees with ski passes as partial compensation for employment, was aware of the dangerous condition created by the jump, and was aware that its employees often took the jump, but did not take any measures to alleviate the danger").

[28] *See J.H. ex rel. D.H. v. W. Valley City*, 840 P.2d 115, 124 (Utah 1992) (rejecting claim for negligent hiring where the plaintiff "produced no evidence that [the defendant] knew or had reason to know that [employee] had deviant characteristics that would make him a risk as a police officer or while working with youths").

[29] Fed. R. Civ. P. 15(a)(2).

[30] *Id.*

6

allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[31]

Here, the failure to cure deficiencies by amendments previously allowed and futility of amendment weigh against further amendment. This is now Plaintiff's third complaint. Defendant previously requested dismissal on the same grounds presented in the current Motion and the Court provided instruction to Plaintiff on what was required to plead plausible Rehabilitation Act and negligence claims. Plaintiff failed to heed those instructions, making it appear likely that he cannot provide sufficient allegations to support these two claims. As such, it is futile to allow Plaintiff a fourth bite at the apple.[32]

Likewise, the Court declines Defendant's request that Plaintiff file a third amended complaint removing allegations it considers immaterial or redundant. While "it is appropriate in some situations to strike a pleading for gross violation of Rule 8 . . . or when the material contained in the pleading is scandalous, immaterial or redundant," the rules "are designed to avoid basing decisions on the merits on pleading technicalities."[33] Though certainly not a model of clarity, the Court cannot conclude that Plaintiff's Second Amended Complaint violates Rule 8 to the extent that further amendment is required. Therefore, the Court recommends that Defendant's request that Plaintiff file a third amended complaint be denied.

---

[31] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[32] *Kaplan v. Reed*, 28 F. Supp. 2d 1191, 1199 (D. Colo. 1998) ("[J]ustice does not require Plaintiff[] to be allowed four bites at the apple.") (internal quotation marks omitted); *Tracy v. Stephens*, No. 1:21-cv-00152-TC-CMR, 2023 WL 6627076, at *7 (D. Utah July 21, 2023) ("[E]ven pro se plaintiffs may only get so many bites at the apple.") (internal quotation marks omitted and citation omitted).

[33] *Tanner v. Johnston*, No. 2:11-cv-00028-TS, 2011 WL 6019845, at *2 (D. Utah Dec. 2, 2011) (internal quotation marks and citations omitted).

## IV. CONCLUSION AND RECOMMENDATION

For these reasons, the undersigned recommends Defendant's Motion be granted and Plaintiff's Rehabilitation Act and negligence claims be dismissed with prejudice.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 18th day of May, 2026.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge