THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KORT CHRISTOFFERSEN,<br><br>Plaintiff,<br><br>v.<br><br>NUCOR CORPORATION, doing business as Nucor Steel Utah-Plymouth Division; DON HARRIS, melter; MATT BUTTARS, interim melter; KENNY CHRISTOFFERSEN, Dayshift supervisor,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 4:25-cv-00118-DN-PK<br><br>District Judge David Nuffer |

The Report and Recommendation[1] ("R & R") issued by United States Magistrate Judge Kohler on May 15, 2026, recommends granting Defendants' Nucor Corporation; Mr. Don Harris; Mr. Matt Buttars; and Mr. Kenny Christoffersen (collectively "Nucor") Partial Motion to Dismiss[2] ("Motion") the Second Amended Complaint ("SAC").[3] The parties were notified of their right to file objections to the R & R within 14 days of its service pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72.[4]  On May 27, 2026, Plaintiff Kort Christoffersen filed an objection to Judge Kohler's R & R in its entirety ("Objection").[5]

---

[1] Report and Recommendation ("R & R"), docket no. 46, filed May 18, 2026.

[2] Motion to Dismiss and Memorandum in Support (Partial) ("Motion"), docket no. 43, filed April 10, 2026.

[3] Second Amended Complaint ("SAC"), docket no. 40, filed March 20, 2026.

[4] R & R at 8.

[5] Objection to [46] Report and Recommendation ("Objection"), docket no. 47, May 27, 2026.

De novo review has been completed of those portions of the report, proposed findings and recommendations to which objection was made, and of the record that was before Judge Kohler and the reasoning set forth in the R &R.[6] For the reasons stated below, the R & R is ADOPTED IN FULL.

## 1    DISCUSSION

Under 28 U.S.C. § 636(b)(1)(C), when a party files an objection to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[7]  Apart from timely objections, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[8]

In the SAC Mr. Christoffersen raises six claims for relief:

> (1) Family and Medical Leave Act ("FMLA") Interference pursuant to 29 U.S.C. § 2615(a)(1);
>
> (2) FMLA Retaliation pursuant to 29 U.S.C. § 2615(a)(2);
>
> (3) American Disability Act ("ADA") Failure to Accommodate pursuant 42 U.S.C. § 12112(b)(5)(A);
>
> (4) ADA Retaliation pursuant to 42 U.S.C. § 12203;
>
> (5) Disability Discrimination pursuant to Rehabilitation Act 29 U.S.C. § 794
>
> (6) Negligent Hiring, Supervision, and Retention under the Utah Common Law.[9]

---

[6] 28 U.S.C. § 636(b).

[7] 28 U.S.C. § 636(b)(1)(C).

[8] Fed. R. Civ. P. 72, Advisory Committee Notes.

[9] SAC at 19-26.

Nucor moves for dismissal with prejudice of only Mr. Christoffersen's Count 5 ("Disability Discrimination pursuant to Rehabilitation Act 29 U.S.C. § 794") and Count 6 ("Negligent Hiring, Supervision, and Retention under the Utah Common Law").[10] Nucor argues that in these claims Mr. Christoffersen "advance[s] only conclusory statements and threadbare recitals of statutory elements in a lackluster attempt to save his claims."[11] Mr. Christoffersen opposes the Motion saying that Nucor "attempts to impose a heightened pleading standard inconsistent with Rule 12."[12] Nucor responds by asking Mr. Christoffersen be ordered to comply with Federal Rule of Civil Procedure 8 stating, "[n]either this Court nor Nucor should be burdened with identifying and reviewing which of Plaintiff's 100+ paragraph-allegations are material to his remaining claims."[13]

After review of all the timely filed briefs, Judge Kohler recommended that the Motion "be granted and Plaintiff's Rehabilitation Act and negligence claims be dismissed with prejudice."[14] Though Judge Kohler deemed the Complaint "not a model of clarity"[15] and recommended that permitting Mr. Christoffersen to file a Third Amended Complaint be denied, Judge Kohler did not go so far as to hold the SAC violates Rule 8.[16]

---

[10] Motion at 14.

[11] *Id*. at 2.

[12] Plaintiff's Opposition to Defendant's Parital Motion to Dismiss ("Opposition"), docket no. 44, filed April 21, 2026.

[13] Defendant Nucor Corporation's Reply Brief in Support of Its Motion to Dismiss the Second Amended Complaint ("Reply"), docket no. 45, filed May 5, 2026.

[14] R & R at 8.

[15] *Id*. at 7; Mr. Christoffersen is cautioned against the possible use of artificial intelligence to draft memorandums. *In re Snowflake, Inc., Data Sec. Breach Litig*., No. MDL 3126, 2026 WL 323102, at *2 (U.S. Jud. Pan. Mult. Lit. Feb. 5, 2026) (*quoting Reilly v. Connecticut Interlocal Risk Mgmt. Agency*, No. 25-630, 2025 WL 1726366, at *2-3 (D. Conn. June 20, 2025) ("Artificial intelligence is known to result in ... fictional or hallucinatory citations .... [B]ecause artificial intelligence synthesizes many sources with varying degrees of trustworthiness, reliance on artificial intelligence without independent verification renders litigants unable to represent to the Court that the information in their filings is truthful.") (internal quotation marks and citation omitted)

[16] *Id*.

Mr. Christoffersen objects, asking that the R &R be declined as to "the portions of the [R & R] recommending dismissal with prejudice of Counts [5 and 6]."[17] De novo review has been completed on the rulings regarding Counts 5 and 6 and is discussed below.

### 1.1   Christoffersen's Rehabilitation Act Claim is Properly Dismissed.

Count 5 of the SAC states a claim under the Rehabilitation Act.[18] To state "[a] prima facie case under § 504 consists of proof that (1) plaintiff is handicapped under the Act; (2) he is 'otherwise qualified' to participate in the program; (3) the program receives federal financial assistance; and (4) the program discriminates against plaintiff."[19] The third element is dispositive here.

Mr. Christoffersen alleges "Nucor Corporation participates in programs or activities receiving federal financial assistance, including federally supported workplace safety, compliance, research, or workforce-development programs connected to its industrial operations."[20] Judge Kohler recommends dismissal of Count 5 because Mr. Christoffersen has failed to plead facts sufficient to satisfy the third element:

> Rather than alleging that Nucor *receives* federal financial assistance, Plaintiff alleges that it *participates* in programs or activities that receive federal financial assistance. Thus, it is these unidentified programs and activities that are the intended recipient of the federal financial assistance, not Nucor.[21]

---

[17] Objection at 9.

[18] SAC ¶ 119–20.

[19] *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Schs.*, 565 F.3d 1232, 1246 (10th Cir. 2009) (quoting *Hollonbeck v. U.S. Olympic Comm.*, 513 F.3d 1191, 1194 (10th Cir.), *cert. denied*, 555 U.S. 938, 129 S.Ct. 114, 172 L.Ed.2d 240 (2008)).

[20] SAC ¶ 119–20.

[21] R & R at 4 (emphasis added).

Mr. Christoffersen objects asserting that he has "alleged substantially more than a bare assertion of federal funding.".[22] Mr. Christoffersen believes Judge Kohler is applying an "unduly restrictive standard" on him and that he as a pro se litigant "could not reasonably be expected at the pleading stage to possess internal funding agreements, grant structures, reimbursement mechanisms, or other financial information uniquely within Defendant's possession and control."[23] This argument shows that Mr. Christofferson misunderstands the law.

Mr. Christoffersen's argument "confuses intended *beneficiaries* with intended *recipients*"[24] a classic mistake appearing in cases under the Rehabilitation Act.[25] In *Paralyzed Veterans of America*, the Supreme Court tasked plaintiffs with establishing facts to show that a defendant is Congress's *intended recipient* of the federal aid, "[the Rehabilitation Act] covers those who *receive* the aid, but does not extend as far as those who *benefit* from it."[26]

Mr. Christoffersen alleges that "Nucor Corporation participates in programs or activities receiving federal financial assistance."[27] That is not enough. Judge Kohler correctly identified the defect: Mr. Christoffersen does not allege that *Nucor* receives federal financial assistance, Mr. Christoffersen alleges that *unnamed programs* do.[28] Nucor is a participant, not a recipient.

For those reasons, Count 5 of the SAC is properly dismissed.

---

[22] Objection at 7.

[23] *Id*.

[24] *U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 606, 106 S. Ct. 2705, 2711, 91 L. Ed. 2d 494 (1986).

[25] *Doe H. v. Haskell Indian Nations Univ.*, 266 F. Supp. 3d 1277 (D. Kan. 2017); *Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975 (10th Cir. 2021); *Indep. Hous. Servs. of San Francisco v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328 (N.D. Cal. 1993).

[26] *Id*. at 2712.

[27] SAC ¶ 119–20, at 22-23.

[28] R & R at 4.

### 1.2    Christoffersen's Negligence Claim is Properly Dismissed.

Count 6 of the SAC states a claim of negligent employment[29] under Utah common law.[30]

To prevail on a claim of negligent employment, Mr. Christoffersen must show that:

   (i)    Nucor knew or should have known that its employees posed a foreseeable risk of retaliatory harassment to third parties, including fellow employees;

   (ii)   the employees did indeed inflict such harm; and

   (iii)  Nucor's negligence in hiring, supervising, or retaining the employees proximately caused the injury.[31]

To satisfy these elements Mr. Christoffersen alleges:

> Upon information and belief, Defendant Kenny Christoffersen had previously displayed internal Nucor surveillance footage of serious workplace incidents to individuals not authorized to view such footage. This prior conduct demonstrates that Defendants knew or should have known of the risk that confidential and sensitive footage—including footage depicting Plaintiff's medical emergency—would be improperly disseminated, yet failed to take any action to prevent such misconduct.[32]

Judge Kohler recommends Count 6 be dismissed as Mr. Christoffersen's pleadings fail to meet the first element: "[n]otably absent from this allegation is any factual support that Defendant knew or should have known of this alleged prior unauthorized display of surveillance footage of workplace incidents."[33] In other words, "Plaintiff's allegations fail to plausibly demonstrate that Defendant had such notice."[34] Mr. Christoffersen objects to Judge Kohler's recommendation saying that he "is not required at this stage to prove the existence or extent of

---

[29] R & R n.20 at 4; *C.C. v. Roadrunner Trucking, Inc.*, 823 F. Supp. 913, 922 (D. Utah 1993) (*citing Retherford v. AT & T Communications of the Mountain States, Inc.*, 844 P.2d 949, 973 n. 15 (Utah 1992)) ("The Utah Supreme Court has [] considered the tort of negligent employment stating that it encompasses negligent hiring, negligent supervision, and negligent retention.").

[30] SAC ¶ 129–46, at 24-26.

[31] *Retherford*, 844 P.2d at 973.

[32] SAC ¶ 36, at 9.

[33] R & R at 6.

[34] *Id*.

prior incidents, internal access practices, supervisory knowledge, or safeguards before discovery has occurred."[35]

Mr. Christoffersen's objection misses the point. The question is not whether discovery might later reveal that Nucor had notice; it is whether the SAC as pleaded plausibly alleges it. Judge Kohler held it does not. Simply claiming that Defendant Kenny Christoffersen, as a Nucor supervisor, had previously shown security footage to people who were not supposed to see it is not enough to keep this claim alive.[36] Nowhere does the SAC allege that Nucor knew, or had any reason to know, that this occurred. Under Utah law, direct liability for negligent supervision requires more than proof that an employee misbehaved; it requires that the employer had actual or constructive knowledge of the employee's propensity for that specific misconduct.[37] If Plaintiff Kort Christoffersen had alleged that the distribution of surveillance footage was part of Defendant Kenny Christoffersen's scope of employment, Count 6 might have survived.

Mr. Christoffersen cannot use discovery as a substitute for pleading. Mr. Christoffersen must first allege facts sufficient to raise a plausible inference of employer knowledge. Because Mr. Christoffersen has not done so, Count 6 should be dismissed.

### 1.3  Leave to Amend is Denied.

Mr. Christoffersen requests permission for leave to amend should the R & R be adopted.[38] Nucor argues that should leave to amend be granted that Mr. Christoffersen be ordered "to file a Third Amended Complaint in compliance with Rule 8 by requiring him to

---

[35] Objection at 5.

[36] SAC ¶ 36, at

[37] *Clover v. Snowbird Ski Resort*, 808 P.2d 1037, 1048 (Utah 1991).

[38] *Id*. at 8-9.

remove all irrelevant factual allegations and prohibiting him from adding new ones."[39] Both of these requests miss the mark.

"A district court should refuse leave to amend . . . [upon a] failure to cure deficiencies by amendments previously allowed, or futility of amendment."[40] Judge Kohler recommended dismissing Counts 5 and 6 with prejudice and denying leave to amend. "[The SAC] is now [Mr. Christoffersen]'s third complaint. [Nucor] previously requested dismissal on the same grounds presented in the current Motion and the Court provided instruction to [Mr. Christoffersen] on what was required to plead plausible Rehabilitation Act and negligence claims." In other words, Mr. Christoffersen was given permission for leave to amend twice before, with instructions, and twice returned with the same mistake. Pro se plaintiffs should be given liberal treatment, but "liberal treatment is not without limits."[41]

The Tenth Circuit stated that leave to amend may be denied when a pro se plaintiff fails "to cure deficiencies by amendments previously allowed."[42] That has happened here. Therefore, the analysis and conclusion of Judge Kohler are accepted and supplemented with the analysis in this decision and the R & R is ADOPTED.

## 2   ORDER

IT IS HEREBY ORDERED that Magistrate Judge Paul Kohler's Report and Recommendation [43] is ADOPTED IN FULL.

---

[39] Motion at 3.

[40] *Duncan v. Manager, Dep't of Safety, City & County of Denv.,* 397 F.3d 1300, 1315 (10th Cir.2005) (*citing Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010)).

[41] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir.2007).

[42] *Duncan*, 397 F.3d at 1315.

[43] Report and Recommendation, docket no. 46, filed May 18, 2026.

IT IS HEREBY FURTHER ORDERED that the following claims are DISMISSED

WITH PREJUDICE:

1.    Mr. Christoffersen's Count 5 against all defendants;

2.    Mr. Christoffersen's Count 6 against all defendants;

The effect of this order is that Counts 1-4 survive against all Defendants.


Signed June 5, 2026.

BY THE COURT

_____
David Nuffer
United States District Judge